**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

    MOUNT MORIAH                              Chapter 11
    BAPTIST CHURCH, INC.,               Case No. 10-11199 (SCC)

                             Debtor.

------------------------------------------------------------x

A P P E A R A N C E S:

LAW OFFICES OF JAMES E. HURLEY, JR. PLLC
75 Maiden Lane, Suite 210
New York, New York 10038
  By:    James E. Hurley, Esq.

*Attorney for the Debtor*

SHAFFERMAN & FELDMAN LLP
350 Fifth Avenue, Suite 2723
New York, New York 10118
  By:    Joel M. Shafferman, Esq.

*Attorneys for RLB 2050 Funding LLC*


Before:      Hon. Shelley C. Chapman
                  United States Bankruptcy Judge


**MEMORANDUM DECISION AND ORDER GRANTING APPLICATION
FOR ENTRY OF ORDER MODIFYING THE AUTOMATIC STAY
PROVISIONS OF SECTION 362(a) OF THE BANKRUPTCY CODE,
IN FAVOR OF RLB 2050 FUNDING LLC**

**SHELLEY C. CHAPMAN**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion by RLB 2050 Funding LLC ("RLB") for relief from the automatic stay under sections 362(d)(1) and (2) of the Bankruptcy Code to continue its prosecution of a foreclosure action previously commenced with respect to the property known as and located at 2050 Fifth Avenue, New York, New York 10035-2523 (the "Property") and to commence and prosecute to conclusion any related state court actions necessary to obtain possession of the Property. The Property, owned by Mount Moriah Baptist Church, Inc. (the "Debtor"), secures indebtedness to RLB. In its motion seeking modification of the automatic stay (the "Motion"), RLB alleges lack of adequate protection, or, in the alternative, that the Debtor holds no equity in the Property and that the Property is not necessary for an effective reorganization.

The Debtor filed an affirmation in opposition to the Motion on April 12, 2010, asserting that RLB is adequately protected, there is equity in the Property, and the Property is necessary to an effective reorganization.

For the reasons set forth below, the Motion is hereby granted.

## FACTS

Background

The Debtor is a Baptist church located at 2050 Fifth Avenue, New York, New York, 10035. The Property, which houses the Debtor, is a Roman Gothic church building which was built circa 1867 and can seat over 1,000 people.

On October 4, 2006, the Debtor, as mortgagor, and RLB, as mortgagee, entered into a Consolidation, Modification, and Extension Agreement (the "Agreement") which

2

consolidated, modified, and extended the terms and liens of (a) a mortgage dated June 6, 2005, in the original principal amount of $1,210,000 and (b) a gap mortgage dated October 4, 2006, in the original principal amount of $178,545.92, both between the Debtor and RLB with respect to the Property. The Agreement was duly recorded in the Office of the City Register of New York County on November 29, 2006, as CFN 2006000659037 and duly indexed according to the law. On October 4, 2006, the Debtor and RLB also entered into a Consolidated and Restated Mortgage Note (the "Consolidated Note") with respect to the Property, which provided that the Debtor would pay $1,388,545.92 to RLB on the maturity date of November 4, 2006.

On February 16, 2007, after it did not receive the full amount due under the Consolidated Note and the Agreement on the maturity date of November 4, 2006 or thereafter, RLB commenced a state court action against the Debtor entitled <u>RLB 2050 Funding, LLC v. Mount Moriah Baptist Church, Inc., et al.</u>, Index No. 102283/07 in the Supreme Court of the State of New York, County of New York. After several attempts at settlement between the parties and after numerous proceedings in state court, on January 20, 2010, RLB was granted a Judgment of Foreclosure and Sale by the state court. The Judgment determined that, among other things, as of August 3, 2009, $2,848,617.32 is due and owing to RLB, together with other amounts set forth in the Judgment, and it directed a sale of the Property. A foreclosure sale of the Property was scheduled for March 10, 2010.

On March 9, 2010, the Debtor filed a petition in this Court for relief under chapter 11 of the Bankruptcy Code, and the scheduled foreclosure sale was halted by the automatic stay imposed by section 362(a) of the Bankruptcy Code.

On March 26, 2010, RLB filed the Motion pursuant to sections 362(d)(1) and (2) of the Bankruptcy Code for entry of an order granting it relief from the automatic stay in order "to continue its prosecution of the foreclosure action through its conclusion and to commence and prosecute any related state court actions through their conclusions necessary to obtain possession of the . . . Property."

Attached to the Motion as "Exhibit A" is a preliminary market value summary, dated March 22, 2010 and prepared by R.D. Geronimo Ltd. Real Estate Advisory Services (the "Preliminary Appraisal").  The Preliminary Appraisal indicates that, as of March 22, 2010, the market value of the Property (a) on an "as vacant" basis, predicated on the Property's vacant status exclusive of demolition costs under a fee simple interest, was $1,980,000 and (b) on an "as is" basis, after deducting estimated demolition costs, was $1,750,000.  The Property is zoned R7-2, and, according to the Preliminary Appraisal, is "ideally suited for redevelopment at some future point in time when market conditions warrant new construction."  The Preliminary Appraisal notes, however, that it is a preliminary market value summary and "should not be constructed as a formal appraisal of the subject property," which would require a physical inspection of the building interior and presented comparables.

The Court held two preliminary hearings on the Motion, one on April 13, 2010 and the second on April 21, 2010.  Pursuant to section 362(e)(1) of the Bankruptcy Code, at the hearing on April 21, the Court ruled that the automatic stay would remain in effect pending the conclusion of a final evidentiary hearing to be held on May 4, 2010.  The Court also held a telephonic status conference on the Motion on April 23, 2010, in which the Office of the United States Trustee, counsel for the Debtor, and counsel for RLB each

4

participated. At this status conference and at each of the prior hearings, the Court reminded the parties that at the final hearing they would need to present evidence sufficient to meet their applicable burden of proof with respect to the issues raised by the Motion.

On April 20, 2010, the Office of the United States Trustee filed a statement in support of the Motion. RLB filed supplements to the Motion on April 19, 2010 and April 30, 2010. RLB's second supplement attached a copy of its proof of claim, the original of which was filed on April 12, 2010, in the amount of $3,283,135.56 (the "Proof of Claim"). The Proof of Claim listed $1.98 million as the portion of the claim secured by the Property, and the remainder of the claim in the amount of $1,303,135.56 as unsecured.

The Hearings

This Court conducted the final evidentiary hearing on the motion on May 4, 2010. On the record of the hearing, RLB and the Debtor stipulated, solely for the purpose of the proceedings on the Motion, that the value of the Property is $3.13 million, which, the Court was informed, was the appraised value of the Property, as determined by the Debtor's appraisal. The Court did not receive a copy of the Debtor's appraisal, although a copy was apparently provided to RLB prior to the May 4 hearing. Other than the stipulated value of the Property, no evidence was entered into the record of the hearing, and no testimony was presented by either party.

## **DISCUSSION**

The goal of the automatic stay is to "promote two principal purposes of the Bankruptcy Code. First, the automatic stay provides the debtor with 'a breathing spell

5

from his creditors.'" Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989 (2d Cir. 1990) (citation omitted). "In addition, the automatic stay allows the bankruptcy court to centralize all disputes concerning property of the debtor's estate in the bankruptcy court so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." Id. The bankruptcy court may provide relief from the automatic stay upon request from a party in interest (1) "for cause, including lack of adequate protection," or (2) upon a showing that the debtor has no equity in the property and that "such property is not necessary to an effective reorganization." 11 U.S.C. §§ 362(d)(1), (2).

In its Motion, RLB seeks relief for "cause" under section 362(d)(1), primarily based upon its alleged lack of adequate protection. RLB also asserts that it is entitled to relief based upon the grounds in section 362(d)(2), namely, the Debtor's alleged lack of equity in the Property and the Debtor's alleged lack of realistic prospects for effectuating a reorganization. Because I find that RLB is entitled to relief under section 362(d)(2), I need not address RLB's argument with respect to section 362(d)(1) at this time.

11 U.S.C. § 362(d)(2)

Section 362(d)(2) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization.

Section 362(g) places the burden of proof on the party requesting relief from the stay to show that the debtor lacks equity in the property, while the party opposing relief bears the

6

burden of proof on all other issues.  11 U.S.C. §§ 362(g)(1), (2).  Thus, when a party seeks relief under section 362(d)(2), the movant must show that the debtor lacks equity in the property, and the debtor must then show that the property in question is necessary for an effective reorganization.  See United States Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375 (1988).  Courts have defined equity as "the difference between the property value and the total amount of liens against it."  In re: YL West 87th Holdings I LLC, 2010 Bankr. LEXIS 43 at *17 (Bankr. S.D.N.Y. January 13, 2010) (citation omitted).

1. Lack of Equity in Property Under § 362(d)(2)(A)

Under section 362(g), RLB has the burden of proving the Debtor's lack of equity in the Property.  The parties have stipulated to the value of the Property as $3.13 million.  The Proof of Claim asserts a claim in the amount of $3,283,135.56, and the Debtor has not disputed the amount of the claim on the record of the hearings.  While the Court is not ruling on the allowance of the Proof of Claim at this time, "[a] duly executed and filed proof of claim 'shall constitute *prima facie* evidence of the validity and amount of the claim.'"  In re Elmira Litho, Inc., 174 B.R. 892, 901 (Bankr. S.D.N.Y. 1994) (citing Fed. R. Bankr. Pro. 3001(f)).  Therefore, on the present state of the record, taking into account the stipulated value of the Property, the amount set forth in the Proof of Claim, and the Debtor's failure to produce evidence calling these amounts into question, the Court finds that the movant has successfully shown that the Debtor has no equity in the Property.

In order to obtain relief from the automatic stay under section 362(d)(2), it must also be established that the Property is not necessary to an effective reorganization.  On

7

this point, the Court finds that the Debtor has not established, for purposes of this motion, that a reorganization is reasonably in prospect.

2. Property Not Necessary to an Effective Reorganization Under § 362(d)(2)(B)

Section 362(d)(2)(B) provides that the Debtor can defeat a motion for relief from the automatic stay if it can show that such property is necessary for the Debtor to achieve an effective reorganization. 11 U.S.C. § 362(d)(2)(B). As the Supreme Court stated in the Timbers decision:

> Once the movant under section 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral at issue is necessary to an effective reorganization. What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means . . . that there must be a reasonable possibility of a successful reorganization within a reasonable time.

Timbers, 484 U.S. at 375-76 (internal citations omitted).

There is little question here that the Property is necessary to the Debtor if there is to be a reorganization. The Property is the only asset of the Debtor, other than certain miscellaneous personal property and delinquent tithe accounts. Indeed, counsel for the Debtor has repeatedly acknowledged on the record that the only "reorganization" possible is a sale of the Property to a third party.

As RLB correctly points out, however, the Debtor must show that the Property is "essential for an effective reorganization that is in prospect," meaning that there must be a reasonable possibility of a successful reorganization within a "reasonable time." See Timbers, 484 U.S. at 375-76. Section 362(g) provides that the Debtor bears the burden of proving to the Court that it has a reasonable likelihood of a timely and successful reorganization. If, however, "all the debtor can offer in response to a request for relief

8

from the automatic stay is the hope that sometime in the future some purchaser may appear on the horizon with a sufficiently substantial offer to support a plan or reorganization, it cannot be concluded that an 'effective' reorganization is likely." In re Saint Peter's School, 168 B.R. 404, 408-409 (Bankr. S.D.N.Y. 1982); see also In re New Era Co., 125 B.R. 725, 730 (Bankr. S.D.N.Y. 1991) (finding that debtor must show that prospective offers are "more than mere dreams").

Here, while the Debtor asserts that there is a possibility that it may be able to propose a plan of reorganization within a reasonable period of time, it has failed to provide any evidence to meet its burden on this issue. The Debtor has asserted on several occasions that it may have located a potential purchaser or group of investors for the Property but has not produced any letter of intent, witness, or other evidence to support this contention. Nor has the Debtor produced any evidence of postpetition financing. Simply put, the Debtor has not provided this Court with any tangible proof to indicate that a reorganization is possible, let alone likely. At the final hearing on May 4, counsel for the Debtor expressed to the Court his understanding that he must proffer such evidence to meet his burden on this issue, but he failed to put any evidence on the record.

## **CONCLUSION**

Both elements of section 362(d)(2) having been satisfied, I find that RLB is entitled to relief from the automatic stay to continue its prosecution of the foreclosure action previously commenced with respect to the Property and to commence and prosecute to conclusion any related state court actions necessary to obtain possession of the Property.

IT IS SO ORDERED.


Dated: New York, New York
       May 12, 2010

                                             /s/ Shelley C. Bankruptcy Judge
                                             UNITED STATES BANKRUPTCY JUDGE